NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JULENE CHRISTIE, : | |
| : | |
| Plaintiff, : | |
| v. : | Civil Action No. 03-2265 (SRC)(MAS) |
| : | |
| COMMISSIONER OF SOCIAL : | **OPINION** |
| SECURITY, : | |
| : | |
| Defendant. : | |

**SHIPP, United States Magistrate Judge**

## I.  INTRODUCTION

This matter comes before the court on Julene Christie's ("Plaintiff") Motion for Attorney's Fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A).  Plaintiff asserts that the Commissioner of Social Security's ("Defendant") position lacked substantial justification such that Plaintiff is entitled to attorney's fees after receiving a judgment in her favor by the Third Circuit.

For the reasons expressed below, Plaintiff's Motion for Attorney's Fees is GRANTED.

## II.  FACTUAL BACKGROUND

On June 26, 2008, Plaintiff filed a Motion for Attorney's Fees.  (Mot. for Attorney's Fees, *see* Docket, Doc. No. 21, June 26, 2008.)  Plaintiff challenged the Commissioner's determination regarding her being disabled and thus ineligible for Disability Insurance Benefits ("disability benefits").  (Mem. Op. 1, Doc. No. 13.)

Plaintiff filed her application for disability benefits on April 30, 1995. (*Id*.) She asserted disability due to asthma, heart problems, reading problems, emotional problems and obesity, with an onset date of December 20, 1989. (*Id.* at 1-2)

On July 18, 1995, Plaintiff's application was denied. (*Id.* at 2.) Plaintiff filed a request for reconsideration on September 14, 1995, and her claim was denied on October 19, 1995. (*Id*.) Plaintiff then filed a request for a hearing before an Administrative Law Judge ("ALJ") on October 31, 1995. (*Id.*) The ALJ, Gerald J. Spitz, dismissed Plaintiff's claim on February 25, 1998, believing that a previous application for disability benefits barred Plaintiff's current claim on res judicata grounds. (*Id*.)

Plaintiff appealed the decision of the ALJ to the Appeals Council on March 9, 1998. (*Id*.) In August 27, 2001 the Appeals Council ruled that the introduction of new and material evidence of Plaintiff's mental disorder rendered res judicata inapplicable and therefore vacated the ALJ's dismissal order and remanded the claim to the ALJ for a hearing. (*Id*.)

A hearing was held on January 15, 2002, at which Plaintiff, represented by counsel, and a vocational expert ("VE") appeared and testified. (*Id*.) In a decision issued February 15, 2002, the ALJ found that Plaintiff was not disabled. (*Id*.) Plaintiff requested a Review of Hearing Decision on February 28, 2002, which was denied by the Appeals Council in a decision issued on March 13, 2003. (*Id.* at 2-3.)

Thereafter, Plaintiff filed the instant action seeking review of the Commissioner's denial of disability benefits. (*Id.* at 3.) The District Court held that the ALJ failed to sufficiently state the reasons why Plaintiff's disabilities were not severe enough to qualify as a severe limitation under the current regulations. (*Id.* at 14-16.) The District Court remanded the case to the ALJ. (*Id.* at 19.) The Third Circuit Court of Appeals affirmed the District Court's holding. (*See* Docket, Doc. No. 19.) Pursuant to the Third Circuit's decision, the District Court entered an Order on June 26, 2008,

remanding the case to the ALJ and ordering a new hearing using the Listing of Impairments 9.09 as it existed in 1998.  (*See* Docket, Doc. No. 20).

Plaintiff asserts that she is entitled to attorney's fees because the Third Circuit remanded her case to Defendant pursuant to the Social Security Act, 42 U.S.C. § 405(g), and that therefore she is the prevailing party and entitled to attorney's fees under the EAJA, 28 U.S.C. § 2412(d).  (Pl.'s Br. in Supp. of Mot. for Att'ys Fees 1, June 26, 2008.)

Plaintiff cites *Washington v. Heckler*, 756 F.2d 959, 961 (3d Cir. 1985), and argues that Defendant has failed to show: (1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory it propounds; and (3) a reasonable connection between the facts alleged and the legal theory advanced.  (Pl.'s Br. 2.)  Therefore, Plaintiff asserts that Defendant's position has no substantial justification and Plaintiff is entitled to attorney's fees.  (*Id.*)  Plaintiff argues that the District Court's opinion is proof that the Defendant had no basis in fact or law to deny Plaintiff disability benefits.[1]  (*Id.*)  Furthermore, the Court of Appeals held that the ALJ needs to apply the Listing of Impairments as they existed in 1998 because the ALJ improperly failed to adjudicate Plaintiff's case at that time.  (*Id.* at 2-3.)  Plaintiff argues that under the Listing of Impairments of 1998, the Defendant cannot substantially justify his position.  (*Id.* at 3.)

Finally, Plaintiff argues that Defendant's opposition to Plaintiff's fee request is not substantially justified.  (*Id.*)  Therefore, Plaintiff asserts that she is entitled to the costs of preparation of this petition for attorney's fees.  (*Id.*)

---

[1]The District Court's opinion states that "the ALJ failed to discuss any evidence relating to Plaintiff's obesity and explain his reasons for concluding that it was not equivalent in severity to an impairment listed in the current regulations . . ." (*See* Docket,  Doc. No. 13,  District Court Opinion at 16.)

Defendant argues that although the District Court held that the ALJ failed to discuss the reasons why Plaintiff's disability was not severe enough to qualify for disability benefits, this failure alone does not support the argument that Defendant's position was not substantially justified. (Def.'s Opp'n Br. 5, July 11, 2008.) Defendant asserts that the District Court did not find that Listing of Impairments 9.09 should have been used to evaluate Plaintiff's claim, but rather the ALJ still has to give reasons as to why Plaintiff's disability is not severe enough to qualify under the current regulations. (*Id.*)

Defendant also argues that the District Court found in favor of the ALJ for the ALJ's determinations that Plaintiff's testimony should not be given credit, that Plaintiff could return to her past relevant work, and that the ALJ did not have to proceed to step five (5) of the sequential evaluation process because he determined Plaintiff could return to her past work. (*Id.*)

In the alternative, Defendant argues that Plaintiff should not recover attorney's fees for the appeal to the Third Circuit because Defendant's position was substantially justified and there were "special circumstances." (*Id.* at 4-5.) Defendant asserts that the only issue Plaintiff raised on appeal to the Third Circuit was whether Listing 9.09 should have been used by the ALJ and must be used on remand. (*Id.* at 5-6.) Defendant argues that his position on this single issue was substantially justified. (*Id.* at 6.)

Defendant also asserts that even if the Court finds that Defendant was not substantially justified in opposing Plaintiff's appeal to the Third Circuit, it was a "special circumstance" under the EAJA which justifies not awarding Plaintiff attorney's fees for the cost of the appeal to the Third Circuit. (*Id.*) Defendant cites *Traveler Trading Co. v. United States*, 713 F. Supp. 409, 413 (Ct. Int'l Trade 1989), and argues that since the issue appealed was a question of first impression for the Third

4

Circuit, it qualifies as a special circumstance. Thus, Plaintiff should not be awarded attorney's fees for the appeal. (Def.'s Opp'n Br. 7.)

### III. DISCUSSION

The EAJA states in pertinent part:

> [A] court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

The court has the power to enter "judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The Supreme Court found that a case that is remanded for further agency proceedings under sentence four (4) of 42 U.S.C. § 405(g) is a final judgment and the party that challenged the agency's findings is the "prevailing party" under 28 U.S.C. § 2412(d)(1)(A). *Shalala v. Schaefer*, 509 U.S. 292, 297-298 (1993).

The Supreme Court has defined "substantial justification" as "'justified in substance or in the main'- that is, justified to a degree that could satisfy a reasonable person. That is no different from the 'reasonable basis both in law and fact' formulation adopted by the Ninth Circuit and the vast majority of other Courts of Appeals that have addressed this issue." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). Substantial justification "constitute[s] a middle ground between an automatic award of fees to a prevailing party and an award made only when the government's position was frivolous." *Dougherty v. Lehman,* 711 F.2d 555, 563 (3d Cir. 1983). The government must show

that its litigation position as well as its "pre-complaint position" were substantially justified. *Natural Resources Defense Council, Inc. v. U.S. E.P.A.*, 703 F.2d 700, 711 -712 (3d Cir. 1983).

The burden rests upon the government to prove substantial justification. *Dougherty*, 711 F.2d at 561. "The government's burden of showing substantial justification is a strong one and is not met merely because the government adduces 'some evidence' in support of its position." *Tressler v. Heckler,* 748 F.2d 146, 150 (3d Cir.1984). The government must show: (1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory it propounds; and (3) a reasonable connection between the facts alleged and the legal theory advanced. *Washington v. Heckler*, 756 F.2d 959, 961 (3d Cir. 1985).

Costs and fees associated with the preparation of a motion for attorney's fees are recoverable when the government opposes any such award. *Lee v. Johnson*, 799 F.2d 31, 39 (3d Cir. 1986). An upward adjustment of attorney's fees is permitted in accordance with 28 U.S.C. § 2412(d)(2)(A)(ii) if there is an increase in the cost of living that justifies a higher fee. *Garcia v. Schweiker*, 829 F.2d 396, 401 (3d Cir. 1987). The Consumer Price Index may be used in determining cost of living adjustments under the EAJA. *Id.*

Following the Supreme Court's holding in *Shalala*, Plaintiff is a "prevailing party" because the Third Circuit entered judgment in her favor and remanded the case pursuant to sentence four (4) of 42 U.S.C. § 405(g).

Defendant has failed to satisfy any of the three factors necessary to show that its position is substantially justified. First, the fact that Plaintiff is obese is uncontested, and as Judge Chesler's Opinion of September 27, 2006 details, the ALJ failed to discuss any evidence related to Plaintiff's obesity. (*See* Docket, Doc. No. 13.) The ALJ also failed to explain why he found that Plaintiff's

obesity was not equivalent in severity to an impairment listed in the current regulations. Furthermore, the Third Circuit held that the Listing of Impairments 9.09 at the time Plaintiff's complaint was filed was to be used to evaluate Plaintiff's claim.  Based on the Listing of Impairments 9.09, Defendant cannot show that its position was substantially justified because Plaintiff clearly falls under the obesity impairment listed therein.

Since Defendant would not agree to an award of attorney's fees in the absence of a formal filing, Defendant should pay the costs associated with preparing the current motion.  In light of the history and plain language of the EAJA, since Defendant's original position was not substantially justified, Defendant's opposition to an award of attorney's fees is not substantially justified.

Plaintiff should also be able to recover the costs associated with her appeal to the Third Circuit.  Although the issue of which regulation the ALJ should have used was an issue of first impression in the Third Circuit, there is no hard and fast rule that any unsettled law qualifies as "special circumstances" under the EAJA.  Defendant has failed to adequately show the appeal was a special circumstance.  The Third Circuit specifically stated that this case presented "unusual circumstances," which suggests the decision is limited to this case and thus does not clarify any unsettled law.  Furthermore, the EAJA states that a party can recover fees "incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action." 28 U.S.C. § 2412(d)(1)(A).  Plaintiff's appeal to the Third Circuit is a proceeding for judicial review of agency action within the meaning of the EAJA and Plaintiff only had to continue the appeals process based on Defendant's unjustified position regarding Plaintiff's application for disability benefits.  Therefore, attorney's fees and costs associated with Plaintiff's appeal to the Third Circuit are recoverable.

Finally, pursuant to 28 U.S.C. § 2412(d)(2)(A)(ii), Plaintiff should be allowed to make an upward adjustment in fees equal to the rise in the cost of living from the March 1996 base period through February 2008 calculated by using the Consumer Price Index.  The cost of living has increased by 36% in that period, and if the Court in *Garcia* found that an 18% increase justified a higher fee, then surely a 36% increase justifies a higher fee.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff is awarded attorney's fees and costs for the instant action in the United States District Court for the District of New Jersey, beginning in May of 2003.  Furthermore, Thomas Sutton, Esq., is awarded attorney's fees in the amount of $12,461.00 for his 73.3 hours of work, as well as filing costs in the amount of $455.00.  In addition, Eric Schnaufer, Esq., is awarded attorney's fees in the amount of $2,380.00 for his 14.0 hours of work.  Plaintiff's Motion for Attorney's Fees is GRANTED.


Dated: August <u>15th</u>, 2008                                s/Michael A. Shipp                                       
                                                                           **HONORABLE MICHAEL A. SHIPP**
                                                                           **UNITED STATES MAGISTRATE JUDGE**